LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs and FLSA Collective Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

WALTER JAIGUA and JOHN DOE,
on behalf of themselves,
FLSA Collective Plaintiffs and the Class,

                Plaintiffs,

    v.

KAYAFAS CONTRACTING CO. INC., and
ANTHONY KAYAFAS,

                Defendants.

Case No.:

**CLASS AND COLLECTIVE
ACTION COMPLAINT**

**Jury Trial Demanded**

        Plaintiffs, WALTER JAIGUA and JOHN DOE (hereinafter, "Plaintiffs"), on behalf of themselves, FLSA Collective Plaintiffs and the Class, by and through their undersigned attorney, hereby file this Complaint against Defendants, KAYAFAS CONTRACTING CO. INC. and ANTHONY KAYAFAS ("Defendants") and state as follows:

1

**INTRODUCTION**

1.   Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that they and FLSA Collective Plaintiffs are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid wages due to time-shaving, (3) compensation due to improper wage deductions, (4) liquidated damages and (5) attorneys' fees and costs.

2.   Plaintiffs further allege that, pursuant to the New York Labor Law, they and FLSA Collective Plaintiffs are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid wages due to time-shaving, (3) spread of hours premium, (4) compensation due to improper wage deductions, (4) liquidated damages and statutory penalties and (5) attorneys' fees and costs.

**JURISDICTION AND VENUE**

3.   This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over state law claims of Plaintiffs, FLSA Collective Plaintiffs and members of the Class pursuant to 28 U.S.C. §1367.

4.   Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

**PARTIES**

5.   Plaintiff, WALTER JAIGUA, is a resident of Queens County, New York.

6.   Upon information and belief, Defendant, KAYAFAS CONTRACTING CO. INC., is a domestic business corporation organized under the laws of New York, with a principal place of business and an address for service of process located at 64-11 Broadway, Woodside, NY 11377.

7.   Upon information and belief, Defendant, ANTHONY KAYAFAS, is the Chairman or Chief Executive Officer of Defendant, KAYAFAS CONTRACTING CO. INC. ANTHONY KAYAFAS exercised control over the terms and conditions of Plaintiffs' employment and those of FLSA Collective Plaintiffs and members of the Class. With respect to Plaintiffs, other FLSA

Collective Plaintiffs and members of the Class, he exercised his power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment.    Plaintiffs were hired, and their employment was terminated, directly by ANTHONY KAYAFAS. At all times, employees of KAYAFAS CONTRACTING CO. INC. could complain to ANTHONY KAYAFAS  directly regarding any of the terms of their employment, and ANTHONY KAYAFAS would have the authority to effect any changes to the quality and terms of employees' employment. ANTHONY KAYAFAS directly reprimanded any employee who did not perform his duties correctly. ANTHONY KAYAFAS exercised functional control over the business and financial operations of the Corporate Defendant.

## FLSA COLLECTIVE ACTION ALLEGATIONS

8.   Plaintiffs brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees, including, but not limited to, drivers, laborers, installers, helpers, construction workers, machine operators and painters employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

9.   At all relevant times, Plaintiffs and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to (i) pay them overtime compensation at the rate of one and one half times the regular hourly rate for work in excess of forty (40) hours per workweek, (ii) pay them for all hours worked due to a policy of time shaving, and (iii) improper wage deductions. The claims of Plaintiffs stated herein are essentially the same as those of FLSA Collective Plaintiffs.

10. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

11. Plaintiffs bring claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees including, but not limited to, drivers, laborers, installers, helpers, construction workers, machine operators and painters who were unjustly compensated, throughout New York State, on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

12. All said persons, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

13. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, as the facts on which the calculation of that number depends are presently within the sole control of Defendants, there are more than forty (40) members of the Class.

14. Plaintiffs' claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay overtime compensation, (ii) failing to pay for all hours worked due to a practice of time-shaving, (iii) failing to pay "spread of hours" premium, (iv) imposing invalid wage deductions, (v) failing to provide proper wage and hour notices to Class members per requirements of the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

15. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented Plaintiffs in wage and hour cases.

16. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual

litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

17. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Both current and former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

18. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

> a) Whether Defendants employed Plaintiffs and the Class within the meaning of the New York law;

b)  What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

c)  At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

d)  Whether Defendants failed to properly compensate Plaintiffs and Class members for overtime under state and federal law for all hours worked over 40 per workweek;

e)  Whether Defendants practiced a policy of time shaving;

f)  Whether Defendants made invalid deductions on Plaintiffs and Class member's wages;

g)  Whether Defendants provided to Plaintiffs and Class members proper wage and hour notice, at date of hiring and annually, per requirements of the New York Labor Law; and

h)  Whether Defendants provided to Plaintiffs and Class members proper wage statements with each payment of wages as required by New York Labor Law.

## STATEMENT OF FACTS

19. In or about May 2016, Plaintiff, WALTER JAIGUA, was hired by Defendants and/or their predecessors, as applicable, to work as a construction worker for Defendants' construction company, "Kayafas Contracting", located at 64-11 Broadway, Woodside, NY 11377. Plaintiff JAIGUA worked for Defendants for two different periods of time. The first period was from his date of hire until in or about November 2016. For two months, Plaintiff JAIGUA did not work for

Defendants, but was then rehired in or about January 2017. Plaintiff JAIGUA continued working for Defendants until March 2017.

20. During the first and second periods of employment by Defendants, Plaintiff JAIGUA worked over forty (40) hours per week.  During the first period of Plaintiff JAIGUA's employment by Defendants, he worked over ten (10) hours per day.

21. Specifically, during the first period of employment, Plaintiff JAIGUA worked 6 days a week for 11 hours per day, from 8:00am to 7:00pm. Plaintiff JAIGUA received a fixed salary of $90.00 per day. During the second period of employment, Plaintiff JAIGUA worked eight (8) hours per day, six (6) days per week. His regular schedule was from 8:00am to 4:00pm. During this period WALTER JAIGUA received an hourly wage of $14.81.

22. Throughout his employment, Plaintiff JAIGUA was not compensated for all hours worked. During his first period of employment, although Plaintiff JAIGUA regularly worked 60 or more hours a week, the understanding was that his fixed salary only covered 40 hours of work per week. During his second period of employment, Plaintiff continued to work 60 or more hours a week, however his paystubs reflected about 40 hours worked a week or less. Additionally, Defendants impermissibly rounded down to the nearest whole hour, all of the hours worked by Plaintiff JAIGUA and Class members. Plaintiff JAIGUA's timesheets and checks show hours worked in exact numbers, such as 36.00 or 40.00. Plaintiff JAIGUA was also not compensated for his lunch breaks. He was automatically deducted a 30 minute lunch break, however he was regularly required to work through his break.

23. During his first period of employment, Plaintiff JAIGUA did not receive proper overtime payments at a rate of pay one and one-half times his regular hourly rate during his employment by Defendants for all hours over 40, as required under the FLSA and NYLL. As

Plaintiff JAIGUA was often working 60 or more hours a week, this policy resulted in 20 or more overtime hours a week without proper compensation.

24. During his second period of employment, Plaintiff JAIGUA only received overtime payments for hours worked on Saturdays. Rather than calculate overtime on a weekly basis, Defendants' policy for all employees was to pay the overtime premium only for hours worked on Saturdays, leaving 20 hours or more of improperly compensated overtime hours every week.

25. Despite regularly working more than ten hours per day, Plaintiff and Class members were never paid a spread of hours premium as required under the New York Labor Law.

26. During his employment, Defendants loaned Plaintiff JAIGUA money, an estimated $1400. This loan was made to Plaintiff JAIGUA upon an offer by Defendants. However, Defendants did not clearly outline to Plaintiff JAIGUA that the loan was to be repaid through deductions to his paychecks. Plaintiff JAIGUA never consented to paying the loan back through wage deductions. Defendants made the deductions, clearly marked as "Loan Deduction" on Plaintiff JAIGUA'S wage statements. These deductions were random and inconsistent, varying from $20 deducted to $290 deducted. The loan and the system of paying it back was not part of the terms of Plaintiff JAIGUA's employment, and were not made with Plaintiff JAIGUA'S consent, rendering the wage deductions invalid and illegal. Furthermore, upon information and belief, Defendants deducted significantly more from Plaintiff JAIGUA's than what was owed. Plaintiff JAIGUA had about $500 or more deducted from his paycheck additionally to the amount actually owed.

27. Based on his observations and conversations with other employees, all FLSA Collective Plaintiffs and Class members similarly suffered from Defendant's policy of time-shaving and failing to pay employees proper overtime compensation for all hours over 40.

28. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to Plaintiffs, FLSA Collective Plaintiffs or members of the Class for all hours worked in excess of forty (40) hours per week.

29. Defendants knowingly and willingly failed to pay Plaintiffs, FLSA Collective Plaintiffs and Class members regular and overtime wages for all hours worked due to time shaving.

30. Defendants knowingly and willfully made illegal wage deductions from Plaintiffs, FLSA Collective Plaintiffs and Class member's paychecks.

31. Defendants knowingly and willfully operated their business with a policy of not paying a spread of hours premium to Plaintiffs and the Class in violation of the New York Labor Law.

32. Defendants knowingly and willfully operated their business with a policy of not providing proper wage and hour notices to Plaintiffs, at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

33. Defendants knowingly and willfully failed to provide to Plaintiff and Class members proper wage statements with each payment of wages as required by New York Labor Law.

34. Plaintiffs retained Lee Litigation Group, PLLC to represent Plaintiffs, FLSA Collective Plaintiffs and members of the Class in this litigation, and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

35. Plaintiffs reallege and reaver Paragraphs 1 through 34 of this Complaint as if fully set forth herein.

36. At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).  Further, Plaintiffs and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

37. At all relevant times, Defendants employed Plaintiffs and FLSA Collective Plaintiffs within the meaning of the FLSA.

38. Upon information and belief, at all relevant times, Defendant, KAYAFAS CONTRACTING CO. INC., had gross revenues in excess of $500,000.

39. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and FLSA Collective Plaintiffs for their hours worked in excess of forty hours per workweek.

40. Defendants failed to compensate Plaintiffs and FLSA Collective Plaintiffsfor all hours worked due to time-shaving.

41. At all relevant times, Defendants made invalid deductions to employee paychecks, in violation of wage deduction requirements outlined by the FLSA.

42. Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs and FLSA Collective Plaintiffs are due a presently unascertainable amount of unpaid compensation , plus an equal amount as liquidated damages.

43. Records, if any, concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs, and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs are in the possession and custody of Defendants. Plaintiffs intend to obtain these records by

appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

44. Plaintiffs and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## <u>VIOLATION OF THE NEW YORK LABOR LAW</u>

45. Plaintiffs reallege and reaver Paragraphs 1 through 44 of this Complaint as if fully set forth herein.

46. At all relevant times, Plaintiffs and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

47. Defendants willfully violated the rights of Plaintiff and Class members, by failing to pay Plaintiff and Class members the proper overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

48. Defendants willfully violated the rights of Plaintiffs and Class members, by practicing a policy of time-shaving, in violation of the New York Labor Law.

49. Defendants willfully violated the rights of Plaintiffs and Class members by not paying a spread of hours premium in violation of the New York Labor Law.

50. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiffs and other non-exempt employees at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

51. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiffs and other non-exempt employees, in violation of the New York Labor Law.

52. Defendants knowingly and willfully made invalid wage deductions to employee paychecks, in violation of New York Labor Law.

53. Due to the Defendants' New York Labor Law violations, Plaintiffs and Class members are entitled to recover from Defendants their unpaid overtime, unpaid wages due to time-shaving, unpaid spread of hours premium, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs on behalf of themselves and FLSA Collective Plaintiffs, respectfully requests that this Court grant the following relief:

a.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b.  An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.  An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d.  An award of unpaid hours due to a policy of time shaving due under the FLSA and the New York Labor Law.

e.  An award of unpaid spread of hours premiums due under the New York labor Law.

f.  An award of statutory penalties as a result of Defendants' failure to comply with the New York Labor Law wage notice and statement requirements;

g.  An award of liquidated and/or punitive damages as a result of Defendants' willful

   failure to pay regular and overtime compensation pursuant to the FLSA and New

   York Labor Law;

h.  An award of costs and expenses of this action together with reasonable attorneys' and

   expert fees and statutory penalties;

i.  An award of statutory penalties, and prejudgment and post-judgment interest;

j.  Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

k.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by

jury on all issues so triable as of right by jury.

Dated: March 30, 2018

Respectfully submitted,

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs, FLSA Collective Plaintiffs*
*and the Class*

By:    */s/ C.K. Lee*
          C.K. Lee, Esq. (CL 4086)

14