
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
WALTER JAIGUA and JOHN DOE, on behalf
of themselves, FLSA Collective Plaintiffs and the Class

                                          Plaintiff,       Case No. 18-cv-1941


       -against-

KAYAFAS CONTRACTING CO. INC., and
ANTHONY KAYAFAS

                                          Defendants.
-------------------------------------------------------------------X


**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO AMEND THE COMPLAINT**




**MARK B. STUMER & ASSOCIATES, P.C**
Attorneys for Defendants
**KAYAFAS CONTRACTING CO. INC. and
ANTHONY KAYAFAS**
306 Fifth Avenue, Penthouse
New York, New York 10001
(212) 633-2225

**Table of Contents**

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT ..................................................................................................................................2

Legal Standard ................................................................................................................................2

Leave To Amend The Complaint To Add Olympic
As A Defendant Should Be Denied ................................................................................................4

Katherine Nakos and Harry Kayafas Do Not Qualify
As Employers Under The FLSA And The Complaint
Should Not Be Amended To Add Claims Against Them...............................................................7

CONCLUSION ................................................................................................................................8

i

## TABLE OF AUTHORITIES

### CASES

*Aetna Cas. and Surety Co. v. Aniero Concrete Co., Inc.*,
    404 F.3d 566, 603-604 (2d Cir. 2005) ................................................................................2

*Cook v. Arrowsmith Shelburne, Inc.*,
    69 F.3d 1235, 1240 (2d Cir. 1995) .....................................................................................5

*Fowler v. Scores Holding Co., Inc.*,
    677 F.Supp.2d 673 (S.D.N.Y. 2009) ..................................................................................5

*Herman v. RSR Security Services, LTD.*,
    172 F.3d 132, 139 (2d Cir 1999) ........................................................................................7

*Int'l Media Films, Inc. v. Lucas Entm't, Inc.*, No. 07 Civ. 1178 (JGK) (FM),
    2008 WL 781823, at *1 (S.D.N.Y. 2008) .........................................................................3

*Lucente v. Int'l Bus. Machs. Corp.*,
    310 F.3d 243, 258 (2d Cir. 2002) ......................................................................................3

*Mason Tenders District Council of Greater New York v. Phase
    Construction Services, Inc.*, 381 F.R.D. 28 (S.D.N.Y. 2016) ..........................................3

*Ovadia Corp. v. Instyle Jewellery*,
    2005 WL 1560536 (S.D.N.Y. 2005) ..................................................................................3

*Searson v. Concord Mortgage Corp.*,
    2009 WL 30633`6, No. 07-CV-3909 (E.D.N.Y. 2009) ...............................................3, 4, 5

*Williams v. New York City Trans. Auth.*,
    2011 WL 13157342 (E.D.N.Y. 2011) ...............................................................................6

### STATUTES

*Fed. R. Civ. P. 15(a)(2)* ................................................................................................................3, 4

*Fed. R. Civ. P. 20* ..................................................................................................................2, 3, 6

*Fed. R. Civ. P. 21* ............................................................................................................................3

**PRELIMINARY STATEMENT**

Defendants Kayafas Contracting Co., Inc. and Anthony Kayafas (collectively, "Defendants" or "Kayafas") submit this memorandum of law in opposition to plaintiff Walter Jaigua's motion for leave to file an amended complaint adding Olympic Torch Contracting Co. ("Olympic"), Katherine Nakos ("Nakos") and Harry Kayafas as defendants.

This action was originally commenced against Kayafas as a collective and class action under the Fair Labor Standards Act and the New York Labor Law. Plaintiff moved for conditional certification as a collective action, and ultimately, the parties agreed to *conditional* certification.

Plaintiff now claims that he is entitled to amend the complaint to add several new defendants — Olympic, a completely separate and unrelated entity, and Nakos and Harry Kayafas — two employees of Kayafas. With respect to Olympic, plaintiff claims that it operated as a single employer with Kayafas. To the contrary, however, the documentary evidence demonstrates that (1) Kayafas and Olympic are owned by two separate individuals; (2) Kayafas and Olympic have separate bank accounts; (3) Kayafas and Olympic have separate liability and excess liability insurance; and (4) Kayafas and Olympic are separate and distinct business entities that perform different types of construction work.

1

Importantly, additional considerations also warrant denial of this motion as it pertains to Olympic.  First, it cannot be ignored that the parties have already agreed to conditional collective action certification with respect to claims against Kayafas.  Further, discovery in this matter has already been commenced.  It would be manifestly unfair and prejudicial to subject Olympic to conditional certification without the opportunity to oppose a motion for such relief.  Moreover, because the allegations fail to demonstrate that Olympic and Kayafas were a "single employer," and in fact, the documentary evidence demonstrates otherwise, any claim in this regard would be futile.  Finally, in accordance with Federal Rule Civil Procedure 20, Olympic cannot be added as a defendant because the alleged claims against Olympic do not arise out of the same transaction or occurrence as those alleged against Kayafas.

## ARGUMENT

## <u>LEGAL STANDARD</u>

After the expiration of 21 days from service of the complaint, a party may only amend a complaint with the opposing party's consent or with leave of the Court.  *See* Fed. R. Civ. P. 15(a)(2); *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002).  Leave to amend should be denied where there is evidence of undue delay, bad faith, futility or prejudice to the non-moving party.  *See Aetna Cas. and Surety Co. v. Aniero Concrete Co., Inc.*, 404 F.3d 566, 603-

604 (2d Cir. 2005); *Searson v. Concord Mortgage Corp.*, 2009 WL 30633`6, No. 07-CV-3909 (E.D.N.Y. 2009).

To the extent a proposed amendment would add new parties, the motion is technically governed by Federal Rule of Civil Procedure 21, which provides that "the court may at any time, on just terms, add or drop a party," rather than Federal Rule of Civil Procedure 15. Nevertheless, "[b]ecause an answer has been filed, the 'showing necessary under Rule 21 is the same as that required under Rule 15(a).'" *Mason Tenders District Council of Greater New York v. Phase Construction Services, Inc.*, 381 F.R.D. 28 (S.D.N.Y. 2016) *quoting Int'l Media Films, Inc. v. Lucas Entm't, Inc.*, No. 07 Civ. 1178 (JGK) (FM), 2008 WL 781823, at *1 (S.D.N.Y. 2008).

Lastly, when a proposed amended complaint seeks to add new defendants, Rule 20 governs as well. "Rule 20(a) allows persons to be joined as defendants if the plaintiff asserts against them a claim arising out of the same occurrence or transaction and any question of law or fact common to all the defendants will arise in the action." *Ovadia Corp. v. Instyle Jewellery*, 2005 WL 1560536 (S.D.N.Y. 2005).

3

## LEAVE TO AMEND THE COMPLAINT
## TO ADD OLYMPIC AS A DEFENDANT SHOULD BE DENIED.

*Olympic Will Be Prejudiced*
*If Added As a Defendant*

Because this case was already conditionally certified as a collective action against Kayafas, Olympic would be prejudiced if added as a defendant at this late stage. Discovery has already commenced and one deposition has already occurred. Typically, in analyzing prejudice, courts looks to whether there has been a significant delay in amending the complaint so that the non-moving party will have to expend significant and additional resources to conduct further discovery or whether the amendment will significantly delay the resolution of the dispute. *See eg.*, *Searson*, 2009 WL 3063316 at *3. The prejudice here, however, is distinctly different because by granting plaintiff leave to add Olympic, Olympic will be added as a defendant without having an opportunity to oppose collective certification. Thus, while different, the prejudice is manifest.

*Searson* present a good case for comparison. In *Searson*, by a single motion, the plaintiff sought (1) leave to amend the complaint to add five current and former officers of the named corporate defendant as individual defendants; and (2) conditional certification as an FLSA class action. Thus, the potential new defendants had an opportunity to oppose the motion for conditional certification.

What is different here, as compared to *Searson*, is that the action against Kayafas has already been conditionally certified as a collective action. To subject

4

Olympic to conditional certification, without the opportunity to oppose any application made by plaintiff is certainly prejudicial, and thus, leave to amend to add them as defendant in this action must be denied.

***Olympic and Kayafas Do
Not Constitute A Single Employer
And Any Amendment Would Be Futile***

In moving for leave to amend the complaint, plaintiff maintains that Olympic and Kayafas operated as a "single integrated enterprise," which in turn, allows him to add Olympic as a defendant. Absent from the complaint, however, are any allegations supporting this claim. Indeed, although plaintiff generally states that the two entities "share common ownership and management, have a common business purpose, engage in interrelated operations, and have centralized control of labor relations," the only specific allegation that could even possibly relate to this claim is the allegation that Raimondo Jaigua worked for both Kayafas and Olympic and received paychecks from both entities. *See* Plaintiff's Memorandum of Law, Exhibit A at ¶¶ 8, 30.

In determining whether two separate entities should be considered a single employer, courts look to the following four considerations: "(1) interrelation of operations; (2) centralized control of labor relations; (3) common management; and (4) common ownership or financial control." *Fowler v. Scores Holding Co., Inc.*, 677 F.Supp.2d 673 (S.D.N.Y. 2009) *citing Cook v. Arrowsmith Shelburne, Inc.*, 69 F.3d 1235, 1240 (2d Cir. 1995).

5

In asserting this purported claim of a "single employer," here, plaintiff's proposed Amended Complaint alleges that Olympic, like Kayafas, was owned by Anthony Kayafas and that "Anthony Kayafas exercised control over Plaintiffs' employment and those of the FLSA Collective Plaintiffs and members of the Class." *See* Plaintiff's Memorandum of Law, Exhibit A at ¶ 9. But to the contrary, the documentary evidence demonstrates otherwise. Specifically, Anthony Kayafas does not own Olympic or have any ownership interest in it. Rather, Olympic is owned solely by Stanley Kayafas. *See* M. Stumer afm., Exhibit B. And to the extent plaintiff maintains that the two entities operated their respective businesses at the same address, each corporation had its own suite. Further, Olympic and Kayafas maintain separate licenses, separate liability and insurance policies, Kayafas' business is limited to residential work, and Olympic performs construction on commercial buildings. *See* M. Stumer afm., Exhibits A and B.

Thus, because any amendment to the complaint would be futile, since the evidence demonstrates the absence of a single employer relationship between Kayafas and Olympic, this Court should deny plaintiff's motion for leave to amend the complaint to add Olympic as a defendant. *See Williams v. New York City Trans. Auth.*, 2011 WL 13157342 (E.D.N.Y. 2011) ("it is not an abuse of the court's discretion to deny leave to amend if the amendment is futile, in that 'the proposed claim could not withstand a motion to dismiss for failure to state a claim upon which relief may be granted'").

6

*The Claims Do Not Arise Out
Of The Same Transaction Or Occurrence*

Finally, leave to amend the complaint to add Olympic as a defendant should be denied because the purported claims against Olympic do not arise out of the same transaction or occurrence as those asserted against Kayafas. Stated otherwise, the claims against Kayafas relate specifically to its employees and involve allegations that Kayafas violated the FLSA. Even accepting that Raimando Jaigua worked for both Olympic and Kayafas, any alleged claims against Olympic do not arise out of the same employment transactions as those against Kayafas. Thus, pursuant to Rule 20, Olympic cannot be added as a defendant.

### KATHERINE NAKOS AND HARRY KAYAFAS DO NOT QUALIFY AS EMPLOYERS UNDER THE FLSA AND THUS, THE COMPLAINT SHOULD NOT BE AMENDED TO ADD CLAIMS AGAINST THEM.

Plaintiff claims that Nakos and Harry Kayafas qualify as employers under the FLSA. There is no evidence, however, that either Nakos or Kayafas exercised control over Kayafas, had the power to hire and fire employees, determine the rate and method of employment and maintain employment records. *See Herman v. RSR Security Services, LTD.*, 172 F.3d 132, 139 (2d Cir 1999) (discussing factors of the "economic reality" test when determining whether an individual is an employer under the FLSA). Thus, the complaint should not be amended to add Nakos or Harry Kayafas as defendants.

7

## CONCLUSION

**WHEREFORE** it is respectfully requested that this Court deny so much of Plaintiff's motion seeking to amend the complaint to add Olympic Torch Contracting Co., Katherine Nakos, and Harry Kayafas as defendants.

Dated: New York, New York
December 20, 2018

**MARK B. STUMER & ASSOCIATES, P.C**

By: _____
**MARK B. STUMER, ESQ.**
Attorneys for Defendants
306 Fifth Avenue, Penthouse
New York, New York 10001
(212) 633-2225

8

|  | Case No. 1:18-cv-01941 (RJD)(SMG) |
|---|---|

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

WALTER JAIGUA and JOHN DOE,
on behalf of themselves,
FLSA Collective Plaintiffs and the Class,

                                    Plaintiffs,

-against-

KAYAFAS CONTRACTING CO. INC., and
ANTHONY KAYAFAS,

                                    Defendants.

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION**

**FOR LEAVE TO FILE AN AMENDED COMPLAINT**

Mark B. Stumer, Esq. (MBS-6027)
Mark B. Stumer & Associates, P.C.
Attorney for all Defendants
306 Fifth Avenue, Penthouse
New York, New York 10001
(212) 633-2225

9