UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
WALTER JAIGUA, and JOHN DOE, on behalf of :
themselves, FLSA Collective Plaintiffs and the :
Class, :
 :
                        Plaintiffs, :    MEMORANDUM
 :    & ORDER
   -against- :    18-CV-1941 (RJD) (SMG)
 :
KAYAFAS CONTRACTING CO. INC. and :
ANTHONY KAYAFAS, :
 :
                        Defendants. :
-------------------------------------------------------------x

GOLD, STEVEN M., U.S. Magistrate Judge:

## INTRODUCTION

Plaintiff Walter Jaigua commenced this action on behalf of himself and similarly situated employees on March 30, 2018, naming as defendants Kayafas Contracting Co. Inc. ("Kayafas Contracting") and its principal Anthony Kayafas (collectively, "defendants"). Class and Collective Action Compl. ("Compl."), Dkt. 1. Plaintiff alleges that, while he was in their employ, defendants violated several provisions of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). *Id.* ¶¶ 1–2. Plaintiff now moves for leave to amend the complaint by joining Raimundo Jaigua as a plaintiff and Olympic Torch Contracting Co. Inc. ("Olympic"), Katherine Nakos ("Nakos"), and Harry Kayafas (collectively, "proposed defendants") as defendants. Notice of Mot. for Leave to File a First Am. Compl. ("Mot. to Amend"), Dkt. 30; Mem. of Law in Supp. of Pl.'s Mot. for Leave to File a First Am. Compl. (Pl.'s Mem."), Dkt. 31, at 2. By Order dated December 4, 2018, United States District Judge

Raymond J. Dearie referred the motion to me. For the reasons stated below, the motion for leave to amend is granted.[1]

## FACTUAL BACKGROUND[2]

Plaintiff was employed by Kayafas Contracting from in or about May 2016 to in or about November 2016, and then again from in or about January 2017 to in or about March 2017. Compl. ¶ 19. Plaintiff alleges that Kayafas Contracting (a) conducted impermissible time shaving by rounding plaintiff's and putative class members' partial hours down to the nearest whole hour, *id.* ¶¶ 22, 27; (b) did not pay plaintiff and other employees at the rate of one and one-half of their regular pay for hours worked in excess of forty hours per week as required by the FLSA and NYLL, *id.* ¶¶ 23–24, 27; (c) failed to pay plaintiff and putative class members a spread of hours premium as required by the NYLL, *id.* ¶25; (d) made illegal deductions from plaintiff's paychecks as part of a loan repayment arrangement with plaintiff, *id.* ¶ 26; and (e) did not provide proper wage notices and wage statements pursuant to the NYLL, *id.* ¶¶ 32–33.

Plaintiff now seeks to join Raimundo Jaigua as a plaintiff and Olympic as a defendant based on allegations that Raimundo Jaigua was hired and employed by Kayafas Contracting and Olympic collectively, that the hours he worked for them both combined totaled more than forty

---

[1] I decide this motion rather than issuing a Report and Recommendation because "the Second Circuit has repeatedly chosen to characterize motions to amend a pleading as non-dispositive in nature." *Utica Mut. Ins. Co. v. Century Indemnity Co.*, 2015 WL 3429116, at *2 (N.D.N.Y. May 11, 2015) (citing *Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007) and *Kilcullen v. N.Y.S. Dep't of Transp.*, 55 F. App'x 583, 584 (2d Cir. 2003)). Although there is some division among district courts as to whether motions to amend a complaint are dispositive, the question is far less controversial where a magistrate judge decides to grant a motion to amend, as I do here, rather than deny it. *See id.* at *1–2 (noting that the Second Circuit has treated such motions as non-dispositive notwithstanding some courts' employment of a "dispositive when denied" analysis); *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 341 (S.D.N.Y. 2009) ("While some District Courts within the Second Circuit have suggested that a motion for leave to amend may be dispositive when denied, the weight of authority appears to be that such motions are non-dispositive regardless of the outcome." (citations omitted)).

[2] As discussed below, a motion to amend a complaint is decided pursuant to the same standard applicable to a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. "[A] judge ruling on a defendant's motion to dismiss a complaint must accept as true all of the factual allegations contained in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007) (internal quotation marks and citation omitted). The facts are therefore presented here as pleaded in the complaint.

hours per week, and that he was not compensated at time-and-a-half for the overtime hours he worked. Pl.'s Mem. Ex. A ("[Proposed] First Am. Class and Collective Action Compl." or "Proposed FAC") ¶¶ 28–29, Dkt. 31-1.³ Although working for two distinct entities for a total of more than forty hours in one week does not give rise to an overtime claim, the Proposed FAC alleges that Kayafas Contracting and Olympic constituted a single enterprise for purposes of the FLSA and NYLL, and were therefore obligated to pay Raimundo overtime as though all of his working hours were performed for a single employer. *Id.* ¶¶ 8, 30. Additionally, plaintiff seeks to join Nakos and Harry Kayafas as individual defendants based upon allegations that they are principals of Kayafas Contracting and Olympic and constitute employers within the meaning of the FLSA and NYLL. *Id.* ¶¶ 8, 10, 44, 55. For the reasons discussed below, plaintiff's motion to amend the complaint and join Raimundo Jaigua as a plaintiff and Olympic, Harry Kayafas, and Nakos as defendants is granted.

## DISCUSSION

**I. Legal Standards**

Leave to amend should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), and "in the absence of a showing by the nonmovant of prejudice or bad faith," *Pasternack v. Shrader*, 863 F.3d 162, 174 (2d Cir. 2017) (quoting *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725 (2d Cir. 2010)). "A litigant may be 'prejudiced' within the meaning of the rule if the new claim would: '(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a

---

³ It also appears from the Proposed FAC that Raimundo Jaigua seeks to join in the claims related to time shaving, inadequate wage statements, and failure to pay a spread-of-hours premium under the NYLL. Proposed FAC ¶¶ 33–34.

timely action in another jurisdiction.'" *Id.* (quoting *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993)). However, neither "[m]ere delay" nor "the time, effort and money . . . expended in litigating [the] matter" are a sufficient basis for finding prejudice within the meaning of Rule 15. *Id.* (alterations in original) (quoting *Block*, 988 F.2d at 350–51). Leave should also be denied where the proposed amendments would prove "futile" in that, as a matter of law, they "would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012). "Thus, the standard for denying leave to amend based on futility is the same as the standard for granting a motion to dismiss." *IBEW Local Union No. 58 Pension Tr. Fund & Annuity Fund v. Royal Bank of Scot. Grp., PLC*, 783 F.3d 383, 389 (2d Cir. 2015).

To survive the futility analysis, as with a motion to dismiss, a proposed amended complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "a court must accept as true all of the allegations contained in a complaint," this general rule "is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

Finally, "[w]here . . . a proposed amendment adds new parties, the propriety of amendment is governed by Federal Rule of Civil Procedure 21." *Addison v. Reitman Blacktop, Inc.*, 283 F.R.D. 74, 79 (E.D.N.Y. 2011). That rule provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. In exercising this discretion, "courts apply the same standard of liberality afforded to motions to amend pleadings

4

under Rule 15." *Addison*, 283 F.R.D. at 79 (internal quotation marks and citation omitted). "Thus, leave to amend a complaint to assert claims against additional defendants should be denied only because of undue delay, bad faith, futility, or prejudice to the non-moving party, and the decision to grant or deny a motion to amend rests within the sound discretion of the district court." *Id.* (internal quotation marks and citation omitted).

## II. Joining Raimundo Jaigua as a Plaintiff and Olympic as a Defendant

The Proposed FAC seeks to join Raimundo Jaigua as a plaintiff and Olympic as a defendant, alleging that Kayafas Contracting and Olympic collectively employed Raimundo to work in excess of forty hours per week without paying him overtime. Generally, an employee is entitled to be paid overtime only upon working more than forty hours in a week for a single employer. *See* 29 C.F.R. §791.2 ("If all the relevant facts establish that two or more employers are acting entirely independently of each other and are completely disassociated with respect to the employment of a particular employee, who during the same workweek performs work for more than one employer, each employer may disregard all work performed by the employee for the other employer . . . in determining his own responsibilities under the [FLSA]."). Here, though, the Proposed FAC alleges that Kayafas Contracting and Olympic *were* associated with each other and constituted a single enterprise for FLSA and NYLL purposes, and that Raimundo Jaigua worked for them, in total, more than forty hours per week. Proposed FAC ¶¶ 8, 28–30. I therefore first consider the sufficiency of the single enterprise allegations.

*A. The Single Enterprise Allegations*

A plaintiff sufficiently pleads a single enterprise by alleging facts that put defendants on notice that he is claiming that defendants together formed a single integrated enterprise. *Addison*, 283 F.R.D. at 84 (citations omitted); *see also Galicia v. Ice Cream House on Bedford*

5

*Ave LLC*, 2017 WL 6733985, at \*4 (E.D.N.Y. Oct. 17, 2017) ("[T]he relevant inquiry is whether a [particular] defendant has been put on notice of the theory of employer liability." (alterations in original) (citation omitted)), *report and recommendation adopted*, 2017 WL 6759299 (E.D.N.Y. Dec. 29, 2017); *accord Velasquez v. Dig. Page, Inc.*, 2014 WL 2048425, at \*5 (E.D.N.Y. May 19, 2014); *Perez v. Westchester Foreign Autos, Inc.*, 2013 WL 749497, at \*7 (S.D.N.Y. Feb. 28, 2013).

Courts have accordingly ruled that a complaint that notifies defendants of a plaintiff's single enterprise claim survives *Iqbal* scrutiny even if the allegations are somewhat conclusory and lack specific factual detail. For example, in *Addison*, to support a single enterprise claim, the plaintiff employees stated in their proposed amended complaint that "[a]t all times material to this action, the corporate Defendants formed a 'single integrated enterprise' as they shared common management, finances, and/or other resources." 283 F.R.D. at 84 (alteration in original). The court found these allegations sufficient to state a single enterprise claim because they placed defendants on notice of the claim. *Id.* Similarly, in *Velasquez*, the amended complaint alleged that the entities said to be a single employer were solely owned by the same two individuals and "shared common management, a common system of operations, common policies regarding overtime pay and overtime pay eligibility and other common labor policies, common finances and/or other resources." 2014 WL 2048425, at \*6. The court granted the motion to amend, subject to certain statute of limitations considerations not at issue in the present motion. *Id.* at \*6–7.

Here, the Proposed FAC alleges facts sufficient to notify Kayafas Contracting and Olympic of the claim that the entities constituted a single enterprise. The Proposed FAC alleges that Kayafas Contracting and Olympic "operate as a single integrated enterprise" and that they

6

"share common ownership and management [at the hands of Anthony Kayafas, Harry Kayafas, and Nakos], have a common business purpose, engage in interrelated operations, and have centralized control of labor relations." Proposed FAC ¶ 8. The Proposed FAC also asserts that Kayafas Contracting and Olympic share the same principal place of business and address for service of process. *Id*. Further, the allegations in the Proposed FAC regarding Raimundo Jaigua are that he was hired to work for both companies, that he performed identical work for both companies, and that throughout his employment he received paychecks from both companies, often during the same week. *Id*. ¶¶ 28, 30. These allegations are even more detailed than those presented in *Addison* and *Velasquez*, and they therefore adequately notify defendants and proposed defendants of the single enterprise theory upon which Raimundo Jaigua's claims are based.

Defendants argue that allowing plaintiff to join Olympic as a defendant would be unduly prejudicial. Mem. of Law in Opp'n to Pls.' Mot. for Leave to Amend the Compl. ("Defs.' Mem.") at 4–5, Dkt. 34. Defendants claim that, because this case has already been conditionally certified as a collective action, it would prejudice Olympic to be subject to the conditional certification without having had the opportunity to oppose it. *Id.* Defendants' argument is flawed because it is based on the inaccurate assumption that Olympic would be subject to conditional certification without its consent or an opportunity to be heard. As plaintiff notes in his reply brief, the Court advised the parties at a telephone conference on November 16, 2018 that should Olympic be joined as a defendant, it would have the opportunity to oppose conditional certification with respect to its employees. Reply Mem. of Law in Further Supp. of

7

Pl.'s Mot. for Leave to File a First Am. Compl. ("Pl.'s Reply") at 4–5, Dkt. 35.[4] Olympic would therefore not be unfairly prejudiced if joined as a defendant in this case.

Defendants further oppose joining Olympic as a defendant by pointing to documentary evidence that, in defendants' view, undercuts the single enterprise claim. Defs.' Mem. at 6. However, when deciding a motion to amend, as with a motion to dismiss, it is inappropriate to resolve factual disputes by considering documentary evidence. *See Kardovich v. Pfizer, Inc.*, 97 F. Supp. 3d 131, 137 (E.D.N.Y. 2015) (noting that when deciding a motion to dismiss, a court may consider the factual allegations in a complaint, documents attached to or incorporated by reference in the complaint, documents "integral" to and relied upon in the complaint, documents submitted with defendant's motion papers "if plaintiff has knowledge or possession of the material and relied on it in framing the complaint," documents required by law to be filed with the Securities and Exchange Commission that have been so filed, and facts that may be judicially noticed under Rule 201 of the Federal Rules of Evidence). Clearly, the affidavits of Nakos and one Stanley Kayafas, sworn to on December 19, 2018, *see* Decl. of Mark B. Stumer in Opp'n to Pls.' Mot. for Leave to File an Am. Compl. ("Stumer Decl.") Ex. C, Dkt. 33-3; Stumer Decl. Ex. D, Dkt. 33-4, do not fall within any of the categories of evidence identified in *Kardovich*. Nor do the other two exhibits to defendants' opposition—documents related to Kayafas Contracting's and Olympic's incorporation and functions, Defs.' Mem. Ex. A, Dkt. 33-1; Defs.' Mem. Ex. B, Dkt. 33-2—fall within these categories. Accordingly, the Court is obligated to decide the present motion without considering these documents.

For the reasons set forth above, the allegations in the Proposed FAC sufficiently plead that Kayafas Contracting and Olympic functioned as a single enterprise at the time of the

---

[4] Although the telephone conference was not recorded, plaintiff's representation is consistent with the Court's recollection of the conference.

relevant events. Moreover, joining Olympic as a defendant under the single enterprise theory would be neither futile nor prejudicial.[5] This aspect of plaintiff's motion is therefore granted.

*B. Raimundo Jaigua's FLSA and NYLL Overtime Claim*

The FLSA and NYLL provide that employees working in excess of forty hours a week must be paid at a rate one and one-half times the employee's regular rate. 29 U.S.C. §207(a)(1); 12 N.Y.C.R.R. § 142-2.2 (mandating an overtime wage calculated, in relevant part, in the same manner as under the FLSA). To sufficiently plead an overtime claim under the FLSA, "a plaintiff must allege that in at least one workweek he or she worked at least 40 hours, and also worked some uncompensated time in that week in excess of the 40 hours." *Gayvoronskaya v. Americare, Inc.*, 2018 WL 4378162, at *4 (E.D.N.Y. Mar. 26, 2018) (citing *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013)). It is not enough to merely rephrase the statutory language of the FLSA, without alleging any "particular facts sufficient to raise a plausible inference of an FLSA overtime violation." *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 89 (2d Cir. 2013). Plaintiffs alleging FLSA overtime violations must "provide some factual context that will 'nudge' their claim 'from conceivable to plausible.'" *Id.* at 90 (quoting *Twombly*, 550 U.S. at 570).

For example, in *Tackie v. Keff Enterprises LLC*, the court held that allegations that an employee "worked a fairly regular schedule of forty hours per week, and . . . occasionally . . .

---

[5] Defendants also argue that, pursuant to Rule 20(a)(2) of the Federal Rules of Civil Procedure, Olympic may not properly be joined as a defendant because the claims against Olympic do not arise out of the same transaction or occurrence as the claims against Kayafas Contracting. Defs.' Mem. at 7. Defendants claim that because Kayafas Contracting and Olympic are distinct entities, any claim that arises out of Raimundo Jaigua's employment with Olympic does not arise out of his employment with Kayafas Contracting. *Id.* The argument fails because, for the reasons stated in the text, the Proposed FAC adequately pleads that Kayafas Contracting and Olympic are a single enterprise. Although that determination is made under the generous pleading standards applicable to a motion to dismiss, so too is the determination whether a defendant may be joined under Rule 20(a)(2). *See Bruno v. Zimmer, Inc.*, 2017 WL 8793242, at *6 (E.D.N.Y. Aug. 11, 2017) ("In assessing whether the requirements of Rule 20(a)(2) are met, courts must accept the factual allegations in a plaintiff's complaint as true." (citations omitted)).

more than forty hours per week," were "sufficient to state a claim for failure to pay . . . overtime wages in violation of FLSA and the NYLL." 2014 WL 4626229, at *3 (S.D.N.Y. Sep. 16, 2014). Similarly, in *Maddison v. Comfort Systems USA (Syracuse), Inc.*, the court held that the FLSA overtime pleadings were sufficient where the plaintiff alleged that "for a two-week period during each summer that he was employed with Defendant, he worked over 40 hours per week." 2018 WL 679477, at *6 (N.D.N.Y. Feb. 1, 2018).

Here, the Proposed FAC alleges that Raimundo Jaigua "was scheduled to work from 8:00 am to 4:00 pm for five to six days a week," and that he "generally worked beyond his scheduled shift for around one to two, and up to three to four hours." Proposed FAC ¶ 29. Based upon this proposed pleading, therefore, Raimundo Jaigua worked, at a minimum, five days per week for eight hours per day, totaling forty hours per week. Thus, in every week that Raimundo Jaigua worked a sixth day or some hours after his scheduled shift, he worked in excess of forty hours and, pursuant to the FLSA and NYLL, was entitled to be paid at the appropriate overtime rate for those excess hours. As in *Tackie,* these allegations provide sufficient factual detail to support the claim that Raimundo Jaigua was entitled to overtime wages that he was not paid.

### III. Joining Harry Kayafas and Nakos as Defendants

Finally, the Proposed FAC seeks to join Harry Kayafas and Nakos as defendants, alleging that they constituted "employers" within the meaning of the FLSA and NYLL. Proposed FAC ¶¶ 10, 44, 55; Pl.'s Mem. at 7–9. "[I]ndividual officers, directors, and executives of an entity may constitute 'employers' of an employee if they 'possessed the power to control' him or her." *Wilk v. VIP Health Care Servs., Inc.*, 2012 WL 560738, at *7 (E.D.N.Y. Feb. 21, 2012) (quoting *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999)). "A person exercises operational control over employees if his or her role within the company, and the decisions it

entails, directly affect the nature or conditions of the employees' employment." *Irizarry v. Catsimatidis*, 722 F.3d 99, 110 (2d Cir. 2013). Furthermore, "the determination of whether an employer-employee relationship exists for purposes of the FLSA should be grounded in economic reality rather than technical concepts." *Id.* at 104 (internal quotation marks and citation omitted). While the question whether an employer-employee relationship existed for purposes of the FLSA is "determined on a case-by-case basis by review of the totality of the circumstances," *id.* (internal quotation marks and citation omitted), the Second Circuit has identified four factors to consider when conducting this "economic reality" test: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* at 104–05 (citation omitted).

To plead sufficiently that an individual was an employer under the FLSA, a plaintiff must allege facts that support the claim in view of the "economic reality" factors. Merely stating that the plaintiff was "employed" by the defendant is a legal conclusion and will not suffice. *Xue Lian Lin v. Comprehensive Health Mgmt., Inc.*, 2009 WL 976835, at *2 (S.D.N.Y. Apr. 9, 2009). On the other hand, detailed, elaborate recitations of specific facts are not required. For example, in *Severin v. Project OHR, Inc.*, the court held the pleadings sufficient to survive a motion to dismiss where the plaintiff named an individual as a defendant and alleged that the individual "controlled personnel decisions, and had the power to hire and fire, set wages, and otherwise control the terms and conditions of the plaintiffs' employment." 2011 WL 3902994, at *6 (S.D.N.Y. Sep. 2, 2011). Similarly, in *Michalek v. Amplify Sports & Entertainment LLC*, the plaintiff filed a complaint under the FLSA against a limited liability company and later sought to amend the complaint to join an officer of the company as an individual defendant. 2012 WL

2357414, at *1 (S.D.N.Y. June 20, 2012). In support of the motion to amend, the plaintiff alleged that the individual "'was the President and Chairman of [the company],' 'had the authority to hire and fire employees for [the company],' 'had the authority to supervise employees for [the company],' 'controlled employees' schedules for [the company],' and 'determined the rate and method of payment for employees of [the company].'" *Id.* at *3. The court granted leave to amend, noting that "[w]hether the plaintiff will ultimately be able to prove these allegations . . . is a matter to be determined on summary judgment or at trial." *Id.* (citation omitted).

Here, the Proposed FAC alleges that Harry Kayafas and Nakos "are princip[al]s of [the] Corporate Defendants" and "exercised control over the terms and conditions of Plaintiffs' employment." Proposed FAC ¶ 10. The Proposed FAC further alleges that they "exercised power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment." *Id.* According to the Proposed FAC, employees could lodge complaints concerning the terms of their employment directly with Harry Kayafas and Nakos, while Harry Kayafas and Nakos had "authority to effect any changes to the quality and terms of employees' employment" and "directly reprimanded any employee who did not perform his duties correctly." *Id.* These allegations sufficiently plead that Harry Kayafas and Nakos constitute employers within the meaning of the FLSA and NYLL.

Defendants argue that Harry Kayafas and Nakos should not be joined as defendants because "there is no evidence" that they exercised control over the employees. Defs.' Mem. at 7. As discussed above, however, the plaintiff need not substantiate the allegations in a proposed amended complaint with evidence to support a motion to amend.

Because the allegations seeking to join Harry Kayafas and Nakos as individual defendants are sufficient to state a claim that is "plausible on its face," it would not be futile to permit plaintiff to join these individuals as defendants.

## CONCLUSION

For the reasons discussed above, plaintiff's motion to amend the complaint is granted. Plaintiff shall file the amended complaint with the Court by March 18, 2019 and promptly arrange for service.

SO ORDERED.<br>
/s/<br>
STEVEN M. GOLD<br>
United States Magistrate Judge

Brooklyn, New York
March 11, 2019

*U:\#Clerk Files\Decisions 2018-2019\Jaigua v. Kayafas Contracting, 18-cv-1941, Order on Motion to Amend.docx*